UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN HARRIS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-8936 |
| LOUISIANA CITIZENS FAIR PLAN, ET AL. | * | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiff's motion is now GRANTED. Accordingly, Alliance's Motion for Summary Judgment (Rec. Doc. 6) is DENIED as the Court does not have jurisdiction to hear this motion.

I.  BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 4921 Pentland Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Louisiana Citizens Fair Plan, the Plaintiff's homeowner's insurance carrier, and Alliance Insurance Agency Services Incorporated ("Alliance").[1]

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff seeks a declaration that the language of her policy provides coverage for all damage resulting from a hurricane. The Plaintiff also seeks

---

[1] The Plaintiff also named AAA Contractor Service ("AAA") as a "nominee" defendant. Given the Court's conclusion with respect to the joinder of Alliance, AAA's presence is immaterial.

1

payment for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for mental anguish.  Lastly, the Plaintiff alleges that Alliance made various misrepresentations and failed to advise her of available coverage limits and failed to procure adequate insurance.

Alliance removed this case to federal court on October 23, 2006, contending that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072.  On November 21, 2006, the Plaintiff filed the instant motion to remand.

**II.    LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP").  *See* 42 U.S.C. § 4072.  Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v.*

*State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).

In its notice of removal, Alliance only asserts federal question jurisdiction. Indeed, Alliance argues that all flood claims, including failure to procure flood insurance, should be governed by federal law. But the Plaintiff makes no claim that the Defendants have mishandled or failed to properly adjust a flood insurance policy. Rather, the Plaintiff's only allegations concerning flood insurance deal with procurement. The remainder of the Plaintiff's allegations relate to her homeowners' policy. Alliance's subsequent pleadings recognize that this case primarily involves a homeowners' policy and attempt to present independent arguments concerning diversity jurisdiction. However, the Court cannot consider this new basis for federal jurisdiction, as it was not mentioned in the notice of removal. *See, e.g., Augustine v. Alliance Ins. Agency Servs., Inc.*, No. 06-9062, 2007 WL 38320 (E.D. La. Jan. 3, 2007). Nevertheless, it should be noted that without further factual development, the Court could not conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case. *See, e.g., Maco*

---

[2] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

*Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).

### III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

IT IS FURTHER ORDERED that Alliance's Motion for Summary Judgment (Rec. Doc. 6) is DENIED as the Court does not have jurisdiction to hear this motion.

New Orleans, Louisiana, this  23rd  day of  February , 2007.

_____
UNITED STATES DISTRICT JUDGE